IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

M.D. LOHMAN d/b/a LOHMAN
MOTORS,

     Plaintiff,

vs.

MICHAEL TYLER d/b/a ADOBE
AUTO SALES, MICHAEL TYLER,
Individually, and ADOBE AUTO
SALES, LLC,

     Defendants/Third-Party
     Plaintiffs,

UNITED STATES OF AMERICA and
UNITED STATES MARSHALS
SERVICE,

     Third-Party Defendants.

No. 1:10-cv-00249-PJK-ACT

MEMORANDUM OPINION AND ORDER

THIS MATTER comes on for consideration of Defendants' Motion to

Dismiss or, in the Alternative, Motion for Judgment on the Pleadings, filed March

21, 2010 (Doc. 4); see Fed. R. Civ. P. 12(b)(6) & 12(c).  Upon consideration

thereof, the motion is not well taken and should be denied.

Background

Plaintiff alleges that he purchased a used 2006 Nissan Quest from the

Defendants, tendered money for the vehicle, and received a title from the Defendants in return.  Doc. 1-2 (Complaint) at 2, ¶¶ 8-9.  Plaintiff tried to resell the vehicle, learned it was stolen and the vehicle was confiscated by law enforcement authorities.  Id. at 2, ¶ 10.  Plaintiff demanded that Defendants repay him for the vehicle, to no avail.  Id. at 2-3, ¶ 13.  Plaintiff then filed this action in state court for breach of contract (I), breach of title (II), unjust enrichment (III), negligent misrepresentation (IV), and fraud (V).

Defendants answered and denied being paid for the vehicle by the Plaintiff. Doc 1-2 (Answer and Third-Party Complaint for Indemnification) at 2, ¶ 8; at 7, ¶ 11.  They alleged that Defendant Tyler entered into an oral agreement for the delivery of the vehicle and title to the Plaintiff, with payment to be made once Plaintiff resold the vehicle.  Id. at 7, ¶ 8.  They further alleged that pursuant to the agreement, Defendant Tyler delivered the vehicle and the title to Plaintiff.  Id. at 7, ¶ 9.  Notwithstanding, Defendants raised a statute of frauds defense citing the common law and the U.C.C.  N.M. Stat. § 55-2-201.

According to the Defendants, they purchased the car from the Marshal's Service at auction and provided it to Plaintiff to resell at a higher amount.  Doc. 1-2 (Answer and Third-Party Complaint) at 7, ¶¶ 5,8.  The Marshal's Service then seized the vehicle and destroyed it because of a cloned vehicle identification number.  Id. at 7-8, ¶¶ 12, 14, 15.  The Marshal's Service paid Defendants for the vehicle, and Defendants kept that amount, not having been paid for the vehicle by

the Plaintiff.  Id. at 8, ¶ 15-17.  In their third-party complaint, Defendants seek

relief from the Marshal's Service for indemnity (I), comparative indemnity (II),

equitable indemnity (III), contribution (IV), and declaratory relief (V).

## Discussion

Given a motion to dismiss under Fed.R. Civ. P. 12(b)(6), a court must

determine whether sufficient allegations of fact accompany a claim to render it

plausible on its face, not merely theoretically possible.  Bell Atlantic Corp. v.

Twombly, 550 U.S. 544, 570 (2007).  Well-pleaded factual allegations are taken

as true while legal conclusions, though they may provide a framework for the

complaint, are not.  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949-50 (2009).  The same

standard applies for a motion for judgment on the pleadings under Rule 12(c).

Corder v. Lewis Palmer Sch. Dist. No. 38, 566 F.3d 1219, 1223 (10th Cir. 2009).

A defendant may successfully move for dismissal of a complaint under Rule

12(b)(6) based upon an affirmative defense when it is clear from the face of the

complaint that relief is barred.  See Riverview Health Inst. LLC v. Med. Mut. of

Ohio, 601 F.3d 505, 512 (6th Cir. 2010); Blackstone Realty LLC v. F.D.I.C., 244

F.3d 193, 197 (1st Cir. 2001).

A.  Statute of Frauds.

Defendants argue that Plaintiff's breach of contract and breach of the warranty

of title claims are barred by the statute of frauds.  There are any number of reasons

why the Defendants are not entitled to judgment based on the statute of frauds at this point.  First, the complaint does not indicate that the agreement between the parties was $500 or more as required by the U.C.C.'s statute of frauds for the sale of goods. N.M. Stat. § 55-2-201(1).  (Plaintiff seems to admit the $10,585 price in his response though.  Doc. 9 at 6).  Second, construing the facts in favor of the non-movant, the complaint alleges a performed contract–Defendants tendered the vehicle and its title and Plaintiff tendered payment.  Doc. 1-2 (Complaint) at 2, ¶¶ 8-9.  The U.C.C provides that an otherwise valid contract lacking a writing is enforceable "with respect to goods for which payment has been made or accepted or which have been received and accepted."  N.M. Stat. § 55-2-201(3)(c); accord id. § 2-201 cmt. 2 ("Receipt and acceptance either of goods or of the price constitutes an unambiguous overt admission by both parties that a contract actually exists.").   Although Defendants dispute whether Plaintiff paid, on a motion to dismiss the court must view the allegations contained in the complaint (including the fact of payment) as true.

Third, as noted above, Defendants have admitted the making of an oral agreement in their pleadings.  Although Defendants argue that in New Mexico a statute of frauds defense takes precedence over an admission when the defense is also pled, that rule probably does not apply here.  To be sure, such a rule was announced in Carney v. McGinnis, 358 P.2d 694, 696 (N.M. 1961), but see Herrera v. Herrera, 974 P.2d 675, 679 (N.M. Ct. App. 1999)  (declining to follow Carney),

but Carney involved a real estate commission, not the sale of goods.  The Official

Comment to the U.C.C. as adopted in New Mexico provides:

> If the making of a contract is admitted in court, either in
> a written pleading, by stipulation or by oral statement
> before the court, no additional writing is necessary for
> protection against fraud.  Under this section it is no longer
> possible to admit the contract in court and still treat the
> Statute as a defense.  However, the contract is not thus
> conclusively established.  The admission so made by a
> party is itself evidential against him of the truth of the
> facts so admitted and of nothing more; as against the other
> party, it is not evidential at all.

N.M. Stat. § 55-2-201 cmt. 7.  The official comments are persuasive authority and

the court will follow them.  See Credit Inst. v. Veterinary Nutrition Corp., 62 P.3d

339, 346 (N.M. Ct. App. 2002).  Defendants have admitted a contract.

    Fourth, Defendants have attached the certificate of title conveying the vehicle

with what appears to be the signature of the seller and party to be charged, Defendant

Tyler.  Doc. 11, Ex. A.  Although the title does not have an amount filled in, that is

not necessarily a problem insofar as the statute of frauds–the memorandum need only

evidence a contract for the sale of goods, it must be signed, and it must contain a

quantity.  N.M. Stat. § 55-2-201(1) & cmt. 1.  The court will not rely upon this

fourth ground because this is a motion to dismiss and the court declines to convert

it into one for summary judgment by reliance on matters outside of the pleadings.

See Fed. R. Civ. P. 12(d); Price v. Philpot, 420 F.3d 1158, 1167 (10th Cir. 2005).

Although the court recognizes that the title could be considered to the extent it is

authentic and central to the Plaintiff's claim, the argument comes in Defendants' reply brief, without a sur-reply from the Plaintiff.

B.  Written Proof of Payment

Defendants suggest that Plaintiff's claims for breach of contract, breach of the warranty of title and unjust enrichment fail because Plaintiff is unable to provide written proof of payment or consideration.  Doc. 5 at 6.  Plaintiff contends that he has eyewitnesses that watched him give $10,585 to Defendant Tyler, and that had he not paid the price, he would not have received the title.  Doc. 9 at 6.  Plainly, this is a matter of evidentiary sufficiency beyond a motion to dismiss testing the legal sufficiency of the pleadings.

C.  Negligent Misrepresentation and Fraud

Defendants argue that these claims should be dismissed because they fail to meet the plausibility test as they provide few facts and nothing suggests fraud, let alone with clear and convincing evidence.  See Bell Atlantic Corp., 550 U.S. at 555. They also argue that Defendants had no duty to provide information on the vehicle's title and Plaintiff had no right to rely upon it.  They rely upon N.M. Stat. § 66-3-108 providing that a dealer transferee holding a vehicle for resale need not obtain a transfer of registration or forward the certificate of title to the motor vehicle department.  This really does not address the responsibility of the dealer, but the balance of the statute might: it provides that the dealer must execute an assignment and warrant of title on the certificate of title upon transfer.  See id.  Of course, under

the U.C.C., a seller ordinarily provides an implied warranty of title, N.M. Stat. § 55-2-312(1), however, that warranty may be modified when circumstances give the buyer reason to know of title problems. Id. § 55-2-312(2) & cmt. 5.

Defendant Tyler also argues that even if he had made a representation concerning title, he would have had reasonable grounds to do so having purchased the vehicle from the federal government. This goes more to a factual defense than a legal one.

Though the issue is close as to plausibility of these counts, the court will let the case proceed including these claims. A prompt trial of this matter is probably the most efficient way to resolve it given the divergent positions of the parties. See Doc. 19.

NOW, THEREFORE, IT IS ORDERED, ADJUDGED and DECREED that Defendants' Motion to Dismiss or, in the Alternative, Motion for Judgment on the Pleadings, filed March 21, 2010 (Doc. 4), is denied.

DATED this 21st day of July 2010, at Santa Fe, New Mexico.

_____
United States Circuit Judge
Sitting by Designation

Counsel:

George Bach, Bach & Garcia, LLC, Albuquerque, New Mexico for Defendants/Third-Party Plaintiffs.

Michael L. Danoff, Michael L. Danoff & Associates, P.C., Albuquerque, New

Mexico for Plaintiff.

Gregory J. Fouratt, United States Attorney, and Michael H. Hoses, Assistant United States Attorney, Albuquerque, New Mexico, for Third-Party Defendant.